### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF MICHIGAN

TRAVIS MALONE

      Plaintiff,

v.                                                            CASE NO:
                                                             HON:

CITY OF LUDINGTON, AARON SAILOR,
and YORK,
in their individual and official capacities

      Defendants.

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI  48386<br>(248) 886-8650<br>(248) 698-3321 (fax)<br>Amy.derouin@cjtrainor.com | |

THERE IS NO OTHER PENDING OR RESOLVED CIVIL ACTION ARISING OUT OF THE TRANSACTION
OR OCCURRENCE ALLEGED IN THE COMPLAINT

## COMPLAINT AND JURY DEMAND

      **NOW COMES** Plaintiff, **TRAVIS MALONE**, by and through his attorneys,

CHRISTOPHER TRAINOR & ASSOCIATES, and for his Complaint against  the above-named

Defendants states as follows:

1.      Plaintiff is a resident of the City of Ludington, County of Mason, State of Michigan.

2.      Defendant City of Ludington is a municipal corporation and governmental

      subdivision organized and existing under the laws of the State of Michigan.

3.     That the individually-named Defendants are and/or were police officers working and/or assigned to the Ludington Police Department and at all times mentioned herein were acting under color of law, in their individual and official capacities, and within the course and scope of their employment.

4.     All events giving rise to this lawsuit occurred in the City of Ludington, County of Mason, State of Michigan.

5.     Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 [federal question], 28 U.S.C. § 1343 [civil rights].

6.     That this lawsuit arises out of Defendants' violations of Plaintiff's federal constitutional rights as secured by the Fourth Amendment of the United States Constitution and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. § 1983 as well as state law claims.

7.     That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) not including interest, costs, and attorney fees.

## **FACTS**

8.     Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

9.     On or about August 4, 2011, Plaintiff and his friends attended a "teen night" at a local nightclub and left after a fight broke out.

10.     Plaintiff was walking his girl friends home to ensure their safety.

11.     When the group was approximately four blocks away from the nightclub, they were stopped by Defendants.

12.     Defendants immediately singled out Plaintiff and began calling him names and pulling on his shirt in which Plaintiff asked Defendants to leave him alone.

13.     Defendants grabbed Plaintiff by his neck and began to hit and kick him in the ribs.

14.     Defendants threw Plaintiff onto the ground and handcuffed him.

15.     While Plaintiff was handcuffed and compliant, Defendants stood on his neck as he was gasping for air.

16.     Defendants put Plaintiff in the car, pulled him out of the car, and then threw him to the ground causing him to strike his face on the curb.

17.     Plaintiff lost consciousness and woke up as he was again being beaten in the ribs.

18.     Defendants again put Plaintiff in the back of the police car and began to drive.

19.     Defendants slammed on the brakes causing Plaintiff to strike his face on the cage within the car.

20.     Plaintiff was arrested and taken to Memorial Medical Center for treatment of his injuries.

21.     As a result of Defendants' unlawful actions and/or inactions, Plaintiff sustained injuries and damages.

## COUNT I
## VIOLATION OF THE FOURTH AMENDMENT
## 42 U.S.C. § 1983 EXCESSIVE FORCE

22.     Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

23.     That Defendants were at all relevant times acting under color of law and acting within the scope of their employment.

3

24. As a result of the conduct complained of herein, Plaintiff suffered a deprivation of his clearly established rights protected and secured by the Fourth and Fourteenth Amendments to the United States Constitution and by other laws, including but not limited to, the right to be free from a deprivation of liberty, property, bodily security, and integrity without due process of law, and the right to be free from unreasonable searches and seizures.

25. That Defendants violated Plaintiff's clearly established and federally protected rights by detaining, seizing, restraining, and/or restricting the liberty of Plaintiff without a reasonable suspicion and/or probable cause to do so.

26. That Defendants' acts were at all times intentional, objectionably unreasonable, unnecessary, excessive, reckless, and/or grossly negligent in violation of Plaintiff's clearly established rights under the United States Constitution.

27. As a result of Defendants' violation/deprivation of Plaintiff's constitutional rights, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983 together with costs, interest, and attorney fees pursuant to 42 U.S.C. § 1988.

## COUNT II
## GROSS NEGLIGENCE

28. Plaintiff realleges and incorporates by reference each and every paragraph of his Complaint as though fully set forth herein.

29. The governmental agency that employed Defendants was engaged in the exercise or discharge of a governmental function.

30. Defendants' conduct amounted to gross negligence that was the proximate cause of Plaintiff's injuries and damages.

31.  At the time of the incident complained of herein, Defendants were working for the Ludington Police Department and had a duty to perform their employment activities so as not to endanger or cause harm to Plaintiff.

32.  Notwithstanding these duties, Defendants breached their duty with deliberate indifference and gross negligence and without regard to Plaintiff's rights and welfare, which caused injuries and damages to Plaintiff.

33.  Defendants knew or should have known that by breaching these duties, harm would come to Plaintiff.

34.  That according to MCL 691.1407(2), the breach of Defendants' duty to exercise reasonable care was reckless and amounted to gross negligence.

35.  That as a direct and proximate result of Defendants' indifferent/grossly negligent acts and/or omissions, Plaintiff suffered injuries and damages.

36.  Defendants' actions were so egregious and so outrageous that Plaintiff's damages were heightened and made more severe, thus Plaintiff is entitled to exemplary damages.

## <u>COUNT III</u>
## <u>ASSAULT AND BATTERY</u>

37.  Plaintiff realleges and incorporates by reference each and every paragraph of his Complaint as though fully set forth herein.

38.  Defendants' acts were not undertaken in good faith and were not discretionary but were undertaken with malice.

39.  At all material times herein, Defendants threatened and/or caused Plaintiff to be threatened with involuntary, unnecessary, and/or excessive physical contact.

40.  At all material times herein, the physical contact and/or threat of physical contact referred to herein was inflicted upon Plaintiff by Defendants.

41.  That the physical contact and/or threat of contact were unnecessary and excessive and furthermore, the physical contact was without probable cause and/or legal justification.

42.  As the direct and proximate result of the assaults and batteries inflicted upon Plaintiff by Defendants as described above, and/or the failure to stop the unnecessary threat and/or use of force, Plaintiff sustained injuries and damages.

43.  Defendants' actions were so egregious and so outrageous, that Plaintiff's damages were heightened and made more severe, thus Plaintiff is entitled to exemplary damages.

## COUNT IV
## CITY OF LUDINGTON'S CONSTITUTIONAL VIOLATIONS

44.  Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

45.  Defendant City of Ludington acted recklessly and/or with deliberate indifference when it practiced and/or permitted customs, policies, and/or practices that resulted in constitutional violations to Plaintiff.

46.  That these customs, policies, and/or practices included but were not limited to the following:

    a.  Failing to train and/or supervise its officers so as to prevent violations of citizens' constitutional rights;

    b.  Failing to adequately train and/or supervise police officers regarding the proper use of force;

6

    c.      Failing to supervise, review, and/or discipline police officers whom the City of Ludington knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging its police officers to engage in illegal conduct;

    d.      Failing to control and/or discipline police officers known to harass, intimidate, and/or abuse citizens;

    e.      Having a custom, policy, and/or practice of falsely arresting and/or illegally detaining citizens.

47.    Defendants' conduct was so reckless as to demonstrate a substantial lack of concern for whether an injury resulted.

48.    Defendants' deliberately indifferent acts and/or omissions were the direct and proximate cause of Plaintiff's injuries and damages.

49.    Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983, together with costs, interest, and attorney fees pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

BY: **s/ Amy J. DeRouin**
CHRISTOPHER J. TRAINOR (P42449)
AMY J. DEROUIN (P70514)
Attorney for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650

Dated:  July 31, 2013
AJD/gcj

amy.derouin@cjtrainor.com

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

TRAVIS MALONE

      Plaintiff,

v.                                CASE NO:
                                HON:

CITY OF LUDINGTON, AARON SAILOR,
and YORK,
in their individual and official capacities

      Defendants.

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650<br>(248) 698-3321 (fax)<br>Amy.derouin@cjtrainor.com | |

**DEMAND FOR JURY TRIAL**

      **NOW COME** Plaintiff, **TRAVIS MALONE**, by and through his attorneys,

CHRISTOPHER TRAINOR & ASSOCIATES, and hereby make a Demand for Trial by Jury in

the above-captioned matter.

                                Respectfully Submitted,
                                CHRISTOPHER TRAINOR & ASSOCIATES

                                BY: **s/ Amy J. DeRouin**
                                CHRISTOPHER J. TRAINOR (P42449)
                                AMY J. DEROUIN (P70514)
                                Attorney for Plaintiff
                                9750 Highland Road
                                White Lake, MI 48386
Dated: July 31, 2013             (248) 886-8650
AJD/gcj                       Amy.derouin@cjtrainor.com