UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TRAVIS MALONE,

       Plaintiff,

v.	Case No. 1:13-CV-830

CITY OF LUDINGTON, AARON	HON. GORDON J. QUIST
SAILOR, and YORK,

       Defendants.
_____/

### OPINION REGARDING MOTION TO ENFORCE SETTLEMENT AGREEMENT AND DISBURSE SETTLEMENT PROCEEDS

On November 21, 2014, with Plaintiff present by telephone, Magistrate Judge Ellen Carmody conducted a telephone status conference in which Plaintiff's counsel and Defendants' counsel placed on the record an agreement to fully and finally settle Plaintiff's claims in this case in exchange for a payment of $15,000 by Defendants. Pursuant to the retainer agreement between Plaintiff and his counsel, Plaintiff's counsel is entitled to payment of $4,574.14 in costs and $3,3475.29 in fees out of the settlement funds.

Following the November 21 status conference, a Request and Writ for Garnishment (Nonperiodic) was issued by the Mason County Prosecuting Attorney to the City of Ludington on a prior judgment against Plaintiff. (Dkt. #48-2.) In addition, on or about December 22, 2014, Bonded Collectors of Wisconsin presented an outstanding medical bill for services performed at Hess Memorial Hospital in the amount of $5,620.48. In light of these post-settlement developments, Plaintiff has refused to sign the settlement paperwork.

Plaintiff's counsel has filed a motion to enforce the settlement agreement and to disburse the settlement proceeds. As part of the motion, Plaintiff's counsel requests that the Court order that

Plaintiff's counsel be paid their costs and fees and that the settlement is not subject to the Writ of Garnishment, and that the Court reduce the $5,620.48 bill from Hess Memorial Hospital to $500.00 and order the remaining proceeds to be paid to Plaintiff.  Plaintiff has filed a notice indicating that he rejects "the current Settlement Offer of $15,000.00 and elects to proceed to trial in this matter" because he "was placed under duress and not fully informed about the status of the matter, nor did counsel explain the matter to the extent reasonably necessary to permit Plaintiff to make informed decisions regarding the representation." (Dkt. # 49.)  Defendants have filed a response, in which they request that the Court require Plaintiff to execute a copy of the Release and Settlement Agreement attached to their response.

The Sixth Circuit "has long recognized the broad, inherent authority and equitable power of a district court to enforce an agreement in settlement of litigation pending before it." *Bostick Foundry Co. v. Lindberg*, 797 F.2d 280, 282-83 (6th Cir. 1986).  "Once concluded, a settlement agreement is as binding, conclusive, and final as if it had been incorporated into a judgment and the actual merits of the antecedent claims will not thereafter be examined." *Id.* at 283.  A court may enforce a settlement agreement only if it concludes that the parties have reached agreement on all material terms.  *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988).  A trial court has the power to summarily enforce a settlement agreement, without an evidentiary hearing, when the parties do not dispute the material facts pertaining to the existence or terms of the settlement agreement.  *Kukla v. Nat'l Distillers Prods. Co.*, 483 F.2d 619, 621-22 (6th Cir. 1973).  However, the court must enforce the terms of the settlement as agreed to by the parties and is not permitted to alter the terms of the agreement.  *Brock*, 841 F.2d at 154.

The parties in this case reached a settlement agreement on all material terms.  Defendants agreed to pay Plaintiff a total of $15,000 in exchange for a dismissal with prejudice of Plaintiff's claims.  This agreement was placed on the record before the magistrate judge, and Plaintiff acknowledged that he fully understood the consequences of accepting the settlement.  The fact that

2

Plaintiff subsequently became aware that other parties would try to seek payment from the settlement proceeds provides no basis for the Court not to enforce the settlement, which Plaintiff freely and voluntarily accepted.

Although Plaintiff's counsel requests that the Court determine that the settlement proceeds are not subject to the Writ of Garnishment, that issue is not properly before this Court.  Moreover, Plaintiff's counsel cites no statute or case that provides this Court with authority to reduce Plaintiff's debt to Hess Memorial Hospital, which is not even a party before this Court.

Accordingly, the Court will grant the motion to enforce the settlement and will direct Defendants to pay Plaintiff's counsel the amounts they are owed from the settlement funds. However, the Court will not hold that the settlement proceeds are not subject to the Writ of Garnishment, nor will the Court reduce Plaintiff's debt to Hess Memorial Hospital.

An Order consistent with this Opinion will enter.[1]


Dated:  February 25, 2015                     /s/ Gordon J. Quist
                                                  GORDON J. QUIST
                                        UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's counsel's request for oral argument is denied.